## **AFFIDAVIT**

- I, Sarah Johnson, being first duly sworn upon oath, state that I have personal knowledge of the facts set forth herein, that I am competent to testify and if called to testify would state as follows:

- I am a Chairperson for the Administrative Review Board in the office of Inmate Issues, in the Illinois Department of Corrections ("the Department") since April, 2008. I have been employed by the Department in various capacities since 2001. In performing my duties as a Chairperson, among other things, I maintain a thorough knowledge of the operations and record keeping of the Department's Administrative Review Board ("ARB"), which reviews grievances filed by Department inmates in the manner set forth herein.

- Inmates incarcerated within the Department may file grievances in accordance with Department Rule 504F, Grievance Procedures for Committed Persons. Generally, an inmate must first attempt to resolve grievances through his counselor. If the grieved issue remains unresolved after such informal efforts, the inmate may submit a written grievance on a grievance form to the facility Grievance Officer designated by the Chief Administrative Officer ("CAO"). The Grievance Officer may personally interview the inmate and/or witnesses as deemed appropriate and obtain relevant documents to determine the merits of the inmates grievance. Upon completion of such investigation, the Grievance Officer's

EXHIBIT A

conclusions, and if appropriate, recommended relief is forwarded to the CAO. The CAO or CAO's designee's decision is then submitted to the grieving inmate.

- If, after receiving the CAO's decision, the inmate feels the issue is unresolved, he may appeal in writing to the Director of the Department by submitting the Grievance Officer's report and CAO's decision. The ARB, as the Director's designee, reviews the appeal and first determines whether the inmate's grievance can be handled without the necessity of a hearing. If so, the inmate is so advised. Other matters are scheduled for an ARB hearing involving an interview of the grieving inmate, examining relevant documents and at the ARB's discretion, calling witnesses. The ARB submits a written report of its findings and recommendation to the Director or Director's designee, who then reviews the report and makes a final determination on the grievance. A copy of the ARB's report and the Director's final decision is sent to the inmate who filed the grievance. The originals of these documents are maintained in the ARB files. Department Rule 504F: Grievance Procedures for Committed Persons provided no further means for review beyond this step.
- Certain issues may be grieved directly to the ARB, rather than first through a counselor or grievance officer. These issues include:
    o Decisions involving the involuntary administration of psycho-tropic medication;

- o Decisions regarding protective custody placement, including continued placement in or release from protective custody;

- o Decisions regarding disciplinary proceedings which were made at a facility other than the facility where the inmate is currently assigned; and

- o Other issues except personal property issues which pertain to a facility other than the facility where the inmate is currently assigned.

- An inmate may request a grievance be handled on an emergency basis by forwarding the grievance directly to the CAO rather than to a counselor or Grievance Officer. If the CAO determines that there is a substantial risk or imminent personal injury or other serious or irreparable harm to the inmate, the grievance may be handled on an emergency basis. An inmate may appeal the CAO's decision in such a situation to the ARB. The appeal is then handled in accordance with the procedures described in paragraph 3 above.

- The grievance procedure may not be utilized for complaints regarding decisions that are outside the Department's authority such as parole decisions, clemency or orders regarding the length of sentences or decisions which have been reviewed by the Director.

- At the request of the Attorney General's Office, I have searched the ARB's records in regards to Daniel Escobedo, Register number N43563. I was asked to look specifically for any grievances in which Plaintiff had exhausted his administrative remedies in regard to any issues prior to

April, 2007. The ARB's records indicate that Offender Escobedo did exhaust his administrative remedies in regard to an issue regarding business/trust in May, 1989.

FURTHER AFFIANT SAYETH NOT.

s/ Sarah Johnson
_____
Sarah Johnson

SUBSCRIBED and SWORN to before me this __8__ day of _April_ 2008.

s/ Margaret E. Baugher
_____
Notary Public

OFFICIAL SEAL
MARGARET E. BAUGHER
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 6-8-2011

TOTAL P.05

## AFFIDAVIT

I, Becky J. Williams, being duly sworn upon oath, state that I have personal knowledge of the facts set forth herein, that I am competent to testify and if called to testify would state as follows:

I am the Record Office Supervisor at Dixon Correctional Center and have held this position since January 1, 2005. I began my employment with the Illinois Department of Corrections on November 4, 1991, as a Correctional Officer Trainee. I was promoted to Correctional Officer on February 2, 1992. I was promoted to Human Resources Representative November 1, 1995 at Dixon Correctional Center. I transferred to Tamms Correctional Center on July 16, 1997 as the Human Resources Representative.

1. As the Record Office Supervisor, it is my responsibility, among other things, to ensure the maintenance and accuracy of master files for offenders housed at Dixon Correctional Center.
2. All the Records produced by the Dixon Correctional Center are kept in the ordinary course of business and it is the ordinary course of business to keep these records on any inmate incarcerated at the Dixon correctional Center.
3. At the request of the Attorney General's Office, I have reviewed the master file of inmate Daniel Escobedo, IDOC #N43563.
   A review of Daniel Escobedo's master file showed 1 grievance, which is dated January 3, 2007. This grievance was filed by Daniel Escobedo. Daniel Escobedo's master file also contained Receipts for Offender Orientation Manuals from Danville CC, 12/4/06, Western CC 09-02-04 and Dixon CC 03-21-08. He received each of these manual in Spanish because of his poor English Skills. There is also the counseling Summary documenting the receipt of the Offender Orientation Manual

FURTHER AFFIANT SAYETH NOT.

s/ Becky J. Williams
Becky J. Williams

SUBSCRIBED and SWORN to
before me this 9th day of April 2009.

s/ NonaGG. Edmunds
Notary Public

"OFFICIAL SEAL"
Nona G. Edmunds
Notary Public, State of Illinois
My Commission Expires Jan. 10, 2011


EXHIBIT B

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Orientation Receipt

Offender Name **DANIEL ESCOBEDO**     ID# **N43563**     Facility: **Danville**

The above named offender has completed the Offender Orientation Program and has received a copy of the Offender Orientation Manual on this date.

_Daniel Escobedo_     12-4-06
Offender Signature                           Date

_David E. Laker CC II_     s/ David E. Laker, CCII     12/4/06
Print Witness Name           Witness Signature            Date

Distribution   Master or Center File, as appropriate                    DOC 0291 (Eff. 11/2005)

Printed on Recycled Paper

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

Rec. 56

Date: 1/3/07  Offender (Please Print): Daniel Escobedo  ID#: N 43563

Present Facility: Danville C.C.  Facility where grievance issue occurred: Danville C.C.

**NATURE OF GRIEVANCE:**

☐ Personal Property  ☐ Mail Handling  ☐ Restoration of Good Time  ☐ Disability
☐ Staff Conduct  ☐ Dietary  ☐ Medical Treatment  ☐ HIPAA
☐ Transfer Denial by Facility  ☐ Transfer Denial by Transfer Coordinator  ☒ Other (specify): Medical

☐ Disciplinary Report: ___/___/___  Date of Report    Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: I went to see the Doctor on 1/2/07. At that time I told him trhat the matress I had was thin, and hurting my hips. He told me to talk to the counselor about a new matress, which I did on 1/3/07. The counselor told me to put in a grievance. I am wondering why the doctor told me to talk to the counselor when he could have taken care of it. I talked to Lt. Randolph and he called the doctor and the doctor told him he did not recall the conversation we had! I am not sure but the doctor was writing down in the medical chart atthe time of our conversation, which I thought he was writing down what I was saying to him.

Relief Requested: A new Matress.

☒ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_Daniel Escobedo_  N43563  1/3/07
Offender's Signature  ID#  Date

(Continue on reverse side if necessary)

RECEIVED JAN 25 2007 GRIEVANCE OFFICER

---

**Counselor's Response** (if applicable)

Date Received: 1/14/2007  ☐ Send directly to Grievance Officer  ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: Refer to the Health Care Administrator for further review.

s/ David Smetzer

_David Smetzer_  _David Smetzer_  1/14/2007
Print Counselor's Name  Counselor's Signature  Date of Response

---

**EMERGENCY REVIEW**

Date Received: ___/___/___  Is this determined to be of an emergency nature?
☐ Yes; expedite emergency grievance
☐ No; an emergency is not substantiated.
Offender should submit this grievance in the normal manner.

_____  ___/___/___
Chief Administrative Officer's Signature  Date

| | | |
|---|---|---|
| Date Received: 01/25/07 | Date of Review: 01/26/07 | Grievance #: 7DN01-27 |
| Committed Person: Daniel Escobedo | | ID# N43563 |

**Grievance Response:** Medical Treatment—Inmate states that he went to see the Doctor on 1/2/07. Inmate states that he told the doctor that his mattress was thin and hurt his hips when he slept on it. The doctor told Inmate Escobedo that he needed to talk to his assigned counselor about a new mattress. Inmate states that counselor told him to write a grievance. Lt. Randolph contacted the health care unit and the doctor has no recollection of conversation about a mattress with Inmate Escobedo. Inmate is requesting a new mattress.

Reviewed: Mary Miller, Health Care Administrator, states it is not the responsibility to deal with mattress issues. He is to address medical issues only. If the mattress is in poor condition and needs to be replaced then security or the counselor can address that. I am sure that being in a correctional facility, the sleeping arrangements are not conducive to any person's satisfaction; however, it still remains that medical staff are not responsible for this. Recommendation: After a review of all available information this Grievance Officer recommends this grievance be denied. Inmate Escobedo needs to refer his mattress problem to the institutional clothing department.

s/ James Tate

James Tate
Print Grievance Officer's Name          Grievance Officer's Signature

(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)

---

**Chief Administrative Officer's Response**

Date Received: 1/29/07   ☒ I concur   ☐ I do not concur   ☐ Remand

Comments: _____

s/ John Chambers                           1/29/07
Chief Administrative Officer's Signature      Date

---

**Committed Person's Appeal To The Director**

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

Committed Person's Signature        ID#        Date



**Rod R. Blagojevich**
Governor

**Illinois Department of Corrections**

**Roger E. Walker, Jr.**
Director

Danville Correctional Center/ 3820 E Main St. / Danville, IL 61834-4001 / Telephone: (217) 446-0441 / TDD: (800) 526-0844

Date: January 23, 2007

To: Grievance Officer

From: Mary Miller RNBS, HCUA (signature)

Subject: Grievance Escobedo N43563

It is not the responsibility of the physician to deal with mattress issues. He is to address medical issues only. If the mattress is in poor condition and needs to be replaced then security or the counselor can address that.

I am sure that being in a correctional facility, the sleeping arrangements are not conducive to any person's satisfaction however, it still remains that medical staff are not responsible for this.

Cc: file

## State of Illinois
### Department of Corrections
## CUMULATIVE COUNSELING SUMMARY

| Inmate/Resident/Release Name | Register Number | Current Classification |
|---|---|---|
| ESCOBEDO, DANIEL | N43563 | 3-A-L |

| Counselor/Agent Name |
|---|
| CALLAHAN, MICHAEL J |

| Date/Time | Location | Type | Method | Staff/Title |
|---|---|---|---|---|
| 3/4/2009 12:35:52 | HEALTH CARE UNIT (CHRONIC CARE, ADA, INFIRMARY)/DIX | Personal | Face To Face | POCI, GARY E, CORRECTIONAL COUNSELOR II |

Comments: Death pack verified.

| 2/27/2009 13:10:17 | HEALTH CARE UNIT (CHRONIC CARE, ADA, INFIRMARY)/DIX | Personal | Face To Face | POCI, GARY E, CORRECTIONAL COUNSELOR II |

Comments: ID-voucher signed for the Enquirer.

| 2/20/2009 09:48:28 | HEALTH CARE UNIT (CHRONIC CARE, ADA, INFIRMARY)/DIX | Personal | Face To Face | POCI, GARY E, CORRECTIONAL COUNSELOR II |

Comments: He was waiting in the hall for commissary and a w/chair pusher.

| 1/15/2009 13:22:13 | HEALTH CARE UNIT (CHRONIC CARE, ADA, INFIRMARY)/DIX | Personal | Face To Face | POCI, GARY E, CORRECTIONAL COUNSELOR II |

Comments: I saw him in the pool room and he said he was fine for now.

| 12/16/2008 13:16:34 | HEALTH CARE UNIT (CHRONIC CARE, ADA, INFIRMARY)/DIX | Personal | Face To Face | POCI, GARY E, CORRECTIONAL COUNSELOR II |

Comments: Death packet verified.

| 11/10/2008 13:07:32 | HEALTH CARE UNIT (CHRONIC CARE, ADA, INFIRMARY)/DIX | Personal | Face To Face | POCI, GARY E, CORRECTIONAL COUNSELOR II |

Comments: He received a idr and asked how long comm.denial I sent a note as of today it isnt in the computer.

| 11/5/2008 12:34:18 | HEALTH CARE UNIT (CHRONIC CARE, ADA, INFIRMARY)/DIX | Personal | Face To Face | POCI, GARY E, CORRECTIONAL COUNSELOR II |

Comments: He knows all the rules except to have me sign his voucher it came back highlighted I signed and it is good to go.

| 10/29/2008 13:25:54 | HEALTH CARE UNIT (CHRONIC CARE, ADA, INFIRMARY)/DIX | Personal | Face To Face | POCI, GARY E, CORRECTIONAL COUNSELOR II |

Comments: Approved phone list sent to him.

| 10/20/2008 12:27:32 | HEALTH CARE UNIT (CHRONIC CARE, ADA, INFIRMARY)/DIX | Personal | Face To Face | POCI, GARY E, CORRECTIONAL COUNSELOR II |

Comments: He knows all the IDOC rules except on how to act decent he didnt know enough to sign the back of a phone list and gives me lip service like "are you going to turn this in?I told him if you dont trust me put it in the mail box thats alot of nerve I have handled every issue for him jimmy john fast.

| 10/6/2008 13:27:48 | HEALTH CARE UNIT (CHRONIC CARE, ADA, INFIRMARY)/DIX | Personal | Face To Face | POCI, GARY E, CORRECTIONAL COUNSELOR II |

Comments: I signed a voucher for him for 3 typewroter ribbons.

| 10/3/2008 13:15:25 | HEALTH CARE UNIT (CHRONIC CARE, ADA, INFIRMARY)/DIX | Personal | Face To Face | POCI, GARY E, CORRECTIONAL COUNSELOR II |

Comments: He said he has a wheelchair on the outside and wants it in here I checked and it cant have metal spokes and stuff I suggested he have a picture taken of it and sent in to see if it is ok.

| 9/24/2008 13:23:03 | HEALTH CARE UNIT (CHRONIC CARE, ADA, INFIRMARY)/DIX | Personal | Face To Face | POCI, GARY E, CORRECTIONAL COUNSELOR II |

Comments: He turned in a visitor list and he paid for copies and they were sent to him.

| 9/8/2008 13:23:35 | HEALTH CARE UNIT (CHRONIC CARE, ADA, INFIRMARY)/DIX | Personal | Face To Face | POCI, GARY E, CORRECTIONAL COUNSELOR II |

Comments: Copies made and paid and sent to him.

4/8/2009
DOC 1711 (Rev. 10/86) PC Generated
Page 1 of 4
*Assigned Counselor/Agent and Staff's title is current as of the date of this report, not the date of the counseling summary.

APR-09-2009 THU 12:13 PM RECORD OFFICE  FAX NO. 815 288 9713  P. 10

## State of Illinois
## Department of Corrections
## CUMULATIVE COUNSELING SUMMARY

| Inmate/Resident/Releasee Name | Register Number | Current Classification |
|---|---|---|
| ESCOBEDO, DANIEL | N43563 | 3-A-L |
| Counselor/Agent Name | | |
| CALLAHAN, MICHAEL J | | |

| Date/Time | Location | Type | Method | Staff/Title |
|---|---|---|---|---|
| 9/8/2008 10:43:28 | HEALTH CARE UNIT (CHRONIC CARE, ADA, INFIRMARY)/DIX | Personal | Face To Face | POCI, GARY E, CORRECTIONAL COUNSELOR II |
| Comments: | Contact verified 773/376/1354 death pack. | | | |
| 8/14/2008 09:30:46 | HEALTH CARE UNIT (CHRONIC CARE, ADA, INFIRMARY)/DIX | Personal | Face To Face | POCI, GARY E, CORRECTIONAL COUNSELOR II |
| Comments: | I introduced myself and no issues for now. | | | |
| 8/6/2008 12:27:30 | ADMINISTRATION BUILDING/DIX | Personal | Face To Face | BARNHART, CHRISTOPHE, CORRECTIONAL COUNSELOR II |
| Comments: | Inmate Escobedo completed a legal phone call to Douglas Harper per the Litigation Coordinator. Call made between 9:56am and 10:20am to 312-274-1118. | | | |
| 7/2/2008 11:39:26 | HEALTH CARE UNIT (CHRONIC CARE, ADA, INFIRMARY)/DIX | Personal | Face To Face | HUGHES, TERRY D, CORRECTIONAL COUNSELOR II |
| Comments: | Discussed question on visiting list. No other concerns. | | | |
| 5/14/2008 15:09:52 | STC SOUTHWEST HOUSING UNIT/DIX | Personal | Face To Face | HUGHES, TERRY D, CORRECTIONAL COUNSELOR II |
| Comments: | Questions re: next of kin. No other concerns. | | | |
| 3/21/2008 15:36:02 | ORIENTATION/DIX | Personal | Face To Face | GRAFTON, REBECCA A, CORRECTIONAL COUNSELOR II |
| Comments: | Offender participated in Orientation process and was provided with the Orientation Manual. Issued Orientation Manual in Spanish to Offenders with poor English skills. Offenders signed for manuals. Offender Pre-Release Identification Checklist initiated. Provided Telephone Pin # form and Visiting List form and explained procedures. All Offenders were informed of House Bill 569 and explained process for application. | | | |
| 2/26/2008 13:03:09 | RECEIVING/DAN | Personal | Face To Face | DEPRATT, JAMES R, CORRECTIONAL COUNSELOR II |
| Comments: | request transfer to DIX | | | |
| 1/29/2008 12:52:36 | RECEIVING/DAN | Personal | Face To Face | DEPRATT, JAMES R, CORRECTIONAL COUNSELOR II |
| Comments: | spoke to on the wing, no request at this time | | | |
| 12/10/2007 08:27:01 | RECEIVING/DAN | Personal | Face To Face | DEPRATT, JAMES R, CORRECTIONAL COUNSELOR II |
| Comments: | issued an updated commissary price list | | | |
| 10/24/2007 09:04:06 | RECEIVING/DAN | Personal | Face To Face | DEPRATT, JAMES R, CORRECTIONAL COUNSELOR II |
| Comments: | informed that he has a legal call today | | | |
| 9/2/2007 10:03:14 | RECEIVING/DAN | Personal | Face To Face | DEPRATT, JAMES R, CORRECTIONAL COUNSELOR II |
| Comments: | has no request at this time | | | |
| 8/3/2007 10:25:11 | WARDENS OFFICE/DAN | Collateral | Other | TAYLOR, RANDALL G, PUBLIC SERVICE ADMINISTRATOR |
| Comments: | Grievance Response: Staff Conduct/Medical Treatment -Grievant states that on 4/12/07 he suffered a stroke and was taken to H.C.U. where he waited for 30 minutes then was taken back to receiving. On 4/13 he again was taken to H.C.U. where he stayed until 4/15/07. Grievant states that when he tried to talk to Dr. Ameji he was yelled at for being out of his room. Inmate requests "Full medical exam by outside facility and $250.00 compensatory damages and removal of Dr for malpractice." Review: In response to inmate grievance, Mary Miller RNBS, HCUA states "Inmate came over to health care on 4/6/07 with tremors stating he thought his blood pressure was up. Vital signs were taken and he was sent back to housing. He comes back on the 7th..vital signs were taken reveling no signs of a stroke. He was given medication for his blood pressure and to help with the tremors...On 4/9he was seen by Dr. Ameji and the inmate wanted to sign AMA out of the infirmary. He was seen by MD on4/17/07 and medications for B/P and other medical conditions were ordered. The only other request from him was for a copy of his medical records. Dr Ameji will not send him out to a specialist unless it is medically necessary." Recommendation: After review of all available information, it is the recommendation of this Grievance Officer that this grievance be denied. Proper policies and procedures were followed. | | | |
| 7/18/2007 14:13:56 | UNIT F/STA | Personal | Face To Face | WHITTINGTON, KEVIN D, CORRECTIONAL COUNSELOR II |
| Comments: | seen at cell. claims he did not receive all of his property upon arrival at STA. personal property notified. | | | |
| 6/12/2007 11:29:51 | RECEIVING/DAN | Personal | Face To Face | DEPRATT, JAMES R, CORRECTIONAL COUNSELOR II |
| Comments: | submitted grievance on medical treatment, forwarded to Mary Miller | | | |
| 4/23/2007 09:28:32 | RECEIVING/DAN | Personal | Face To Face | DEPRATT, JAMES R, CORRECTIONAL COUNSELOR II |
| Comments: | job is going well, no request at this time | | | |
| 3/8/2007 13:27:26 | RECEIVING/DAN | Personal | Face To Face | DEPRATT, JAMES R, CORRECTIONAL COUNSELOR II |
| Comments: | no request at this time, issued a commissary price list | | | |

4/8/2009    Page 2 of 4    *Assigned Counselor/Agent and Staff's title is current as of the date of this report, not the date of the counseling summary.
DOC 1711 (Rev. 10/86) PC Generated

# State of Illinois
## Department of Corrections
### CUMULATIVE COUNSELING SUMMARY

| Inmate/Resident/Releasee Name | Register Number | Current Classification |
|---|---|---|
| ESCOBEDO, DANIEL | N43563 | 3-A-L |

| Counselor/Agent Name * |
|---|
| CALLAHAN, MICHAEL J |

| Date/Time | Location | Type | Method | Staff/Title * |
|---|---|---|---|---|
| 1/26/2007 13:56:53 | WARDENS OFFICE/DAN | Collateral | Other | TATE, JAMES E, CORRECTIONAL COUNSELOR III |

Comments: Grievance Response: Medical Treatment--Inmate states that he went to see the Doctor on 1/2/07. Inmate states that he told the doctor that his mattress was thin and hurt his hips when he slept on it. The doctor told Inmate Escobedo that he needed to talk to his assigned counselor about a new mattress. Inmate states that counselor told him to write a grievance. Lt. Randolph contacted the health care unit and the doctor has no recollection of conversation about a mattress with Inmate Escobedo. Inmate is requesting a new mattress. Reviewed: Mary Miller, Health Care Administrator, states it is not the responsibility to deal with mattress issues. He is to address medical issues only. If the mattress is in poor condition and needs to be replaced then security or the counselor can address that. I am sure that being in a correctional facility, the sleeping arrangements are not conducive to any person's satisfaction ;however, it still remains that medical staff are not responsible for this. Recommendation: After a review of all available information this Grievance Officer recommends this grievance be denied. Inmate Escobedo needs to refer his mattress problem to the institutional clothing department.

| 1/14/2007 15:39:37 | RESIDENT BUILDING R3/DAN | Personal | Face To Face | SMETZER, DAVID R, CORRECTIONAL COUNSELOR II |

Comments: Inmate Escobedo submitted a Medical grievance on 1-12-07. Grievance was sent to the HCU administrator for review.

| 1/11/2007 15:12:15 | RESIDENT BUILDING R3/DAN | Personal | Face To Face | SMETZER, DAVID R, CORRECTIONAL COUNSELOR II |

Comments: Offender requested 1 month GCC, completed on 1-12-07 with a recommendation to deny.

| 1/10/2007 09:57:31 | RESIDENT BUILDING R3/DAN | Personal | Face To Face | SMETZER, DAVID R, CORRECTIONAL COUNSELOR II |

Comments: Requested 1 month GCC and a new commissary price list.

| 12/7/2006 10:40:01 | RESIDENT BUILDING R3/DAN | Personal | Face To Face | DEPRATT, JAMES R, CORRECTIONAL COUNSELOR II |

Comments: visiting list processed and sent to the main gate

| 12/4/2006 10:25:54 | ORIENTATION/DAN | Personal | Face To Face | LAKER, DAVID E, CORRECTIONAL COUNSELOR II |

Comments: Offender participated in Orientation process and was provided with the Orientation Manual. Issued Orientation Manual in Spanish to Offenders with poor English skills. Offenders signed for manuals. Offender Pre-Release Identification Checklist initiated. Provided Telephone Pin # form and Visiting List form and explained procedures. All Offenders were informed of House Bill 569 and explained process for application. I/m received and filled out Primary Parental form, Needs Assessment survey, Offender Financial Status form and Initial OIQ. I/m states that he has his Birth Certificate and Social security card. I/m does not want a temp State I.D.; I/m claims to already have a State I.D.

| 11/30/2006 08:55:49 | RECEIVING/DAN | Personal | Face To Face | BETANCOURT, ELI, CORRECTIONAL COUNSELOR II |

Comments: Transfer in escape risk paper work.

| 11/14/2006 10:02:04 | ADMINISTRATION BUILDING/WIL | Collateral | Other | CHUTE, JEFFREY A, CORRECTIONAL COUNSELOR II |

Comments: Received a call from this inmate's wife. She inquired about the lockdown and how her husband was doing.

| 10/16/2006 14:38:44 | CLINICAL SERVICES-YARD OFFICE/WIL | Collateral | Other | DEJAYNES, TINA M, OFFICE ASSISTANT |

Comments: Transfer request to DAN changed to SHA by TCO on 10/10/06. Rationale: bed space.

| 10/10/2006 13:17:37 | R2 HOUSING UNIT/WIL | Personal | Face To Face | COWICK, ANNETTE K, CORRECTIONAL COUNSELOR II |

Comments: Discussed trans. Was approved trans to Shawnee C.C. Doesn't want to go that far south.

| 8/21/2006 14:15:19 | R2 HOUSING UNIT/WIL | Personal | Face To Face | GOINS, TARA J, CORRECTIONAL COUNSELOR II |

Comments: Inmate asked who to write to for restoration-P. Vincent.

| 7/3/2006 14:14:07 | R2 HOUSING UNIT/WIL | Personal | Face To Face | GOINS, TARA J, CORRECTIONAL COUNSELOR II |

Comments: Gave inmate attorney phone call.

| 6/9/2006 14:43:58 | R2 HOUSING UNIT/WIL | Personal | Face To Face | COWICK, ANNETTE K, CORRECTIONAL COUNSELOR II |

Comments: Went to cell, stated that he was doing fine. He had nothing to discuss.

| 4/24/2006 09:32:54 | R2 HOUSING UNIT/WIL | Personal | Face To Face | COWICK, ANNETTE K, CORRECTIONAL COUNSELOR II |

Comments: Wanted to be resubmitted for a trans. Not eligible till August.

| 3/8/2006 08:56:42 | R2 HOUSING UNIT/WIL | Personal | Face To Face | COWICK, ANNETTE K, CORRECTIONAL COUNSELOR II |

Comments: Was denied trans. Wanted to know why.

| 2/24/2006 13:10:41 | R2 HOUSING UNIT/WIL | Personal | Face To Face | COWICK, ANNETTE K, CORRECTIONAL COUNSELOR II |

Comments: Discussed a trans. Wants to go to Dix. Will submit.

| 1/30/2006 08:49:21 | R2 HOUSING UNIT/WIL | Personal | Face To Face | COWICK, ANNETTE K, CORRECTIONAL COUNSELOR II |

Comments: Stated that he had nothing to discuss at this time.

4/8/2009
DOC 1711 (Rev. 10/86) PC Generated
Page 3 of 4
*Assigned Counselor/Agent and Staff's title is current as of the date of this report, not the date of the counseling summary.

APR-09-2009 THU 12:14 PM RECORD OFFICE   FAX NO. 815 288 9713   P. 12

**State of Illinois**
**Department of Corrections**

## CUMULATIVE COUNSELING SUMMARY

| Inmate/Resident/Release Name | Register Number | Current Classification |
|---|---|---|
| ESCOBEDO, DANIEL | N43563 | 3-A-L |
| Counselor/Agent Name * | | |
| CALLAHAN, MICHAEL J | | |

| Date/Time | Location | Type | Method | Staff/Title * |
|---|---|---|---|---|
| 12/9/2005 14:04:24 | R2 HOUSING UNIT/WIL | Personal | Face To Face | COWICK, ANNETTE K, CORRECTIONAL COUNSELOR II |
| Comments: | Discussed going to school. Stated that his is to old and set in his ways to be forced to go to school when he didn't ask to go. Called Superintendent Elfert who said it was a stated law for him to be mandated to go to school. He is 67 years old. | | | |
| 10/19/2005 08:57:10 | R1 HOUSING UNIT/WIL | Personal | Face To Face | MC NEFF, DONNA J, CORRECTIONAL COUNSELOR II |
| Comments: | Inmate stated he has a November 7th due date for some legal work, can his attorney bring in papers for him. Also stated not received his phone list back. (Attorneys can bring in papers but can't give them to the inmate, they have to be mailed. Sent copy of phone list.) | | | |
| 9/2/2005 11:55:29 | R1 HOUSING UNIT/WIL | Personal | Face To Face | MC NEFF, DONNA J, CORRECTIONAL COUNSELOR II |
| Comments: | Inmate upset about transfer request. Wanted to know where denied. Advised him denied by Springfield. Is concerned about his wife, who is very ill, trying to visit him this far. | | | |
| 8/11/2005 14:40:59 | R1 HOUSING UNIT/WIL | Personal | Face To Face | MC NEFF, DONNA J, CORRECTIONAL COUNSELOR II |
| Comments: | Inmate asked about his transfer request. advised him has been submitted. | | | |
| 8/3/2005 12:28:37 | R1 HOUSING UNIT/WIL | Personal | Face To Face | MC NEFF, DONNA J, CORRECTIONAL COUNSELOR II |
| Comments: | Discussed Danville transfer. Inmate would like for an over 50 wing for older guys. Younger inmates too disrespectful and loud. too ready to argue and fight. | | | |
| 6/13/2005 11:16:23 | R1 HOUSING UNIT/WIL | Personal | Face To Face | MC NEFF, DONNA J, CORRECTIONAL COUNSELOR II |
| Comments: | Discussed transfer options, either Danville or Dixon. Will try for transfer in August. | | | |
| 5/19/2005 14:33:04 | R1 HOUSING UNIT/WIL | Personal | Face To Face | MC NEFF, DONNA J, CORRECTIONAL COUNSELOR II |
| Comments: | Inmate enquired when he could request a transfer to either Dixon or Danville. Stated his wife has had blood clots and heart attack and would like to be closer to her, she lives in Chicago. Can request transfer anytime after 7/5/05. | | | |
| 3/31/2005 00:00:00 | CLINICAL SERVICES-YARD OFFICE/WIL | Personal | Face To Face | ERVIN, JEFFREY C, CORRECTIONAL CASEWORK SUPERVISOR |
| Comments: | CHAMP program initiated 4-1-05. Previous cumulative counseling summaries have been sent to the offenders master file. | | | |

4/8/2009
DOC 1711 (Rev. 10/86) PC Generated

Page 4 of 4    *Assigned Counselor/Agent and Staff's title is current as of the date of this report, not the date of the counseling summary.

APR-09-2009 THU 12:14 PM RECORD OFFICE    FAX NO. 815 288 9713    P. 13