UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| DANIEL ESCOBEDO, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 08-CV-2017 |
| MARY MILLER and DR. BASHIR AMEJI, | ) |
| Defendants. | ) |

FILED
APR 05 2010
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

## OPINION

This case is before the court for ruling on four Motions in Limine (#123, #125, #126, #128) filed by Defendant, Dr. Bashir Ameji. Plaintiff has filed Responses (#136, #137, #138, #139) to the motions. Following this court's careful and thorough review of the arguments of the parties and the case law cited, this court rules as follows: (1) Defendant's First Motion in Limine (#123) is DENIED; (2) Defendant's Second Motion in Limine (#125) is GRANTED; (3) Defendant's Third Motion in Limine (#126) is DENIED; and (4) Defendant's Fourth Motion in Limine (#128) is DENIED.

## ANALYSIS

### I. STANDARD

The "motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." Jonasson v. Lutheran Child & Family Servs., 115 F.3d 436, 440 (7th Cir. 1997). A motion in limine "performs a gatekeeping function and permits the trial judge to eliminate from further consideration evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmissible for any purpose." Jonasson, 115 F.3d at 440.

## II. FIRST MOTION IN LIMINE

On March 17, 2010, Defendant filed his First Motion in Limine (#123) and Memorandum of Law in Support (#124). Defendant asked this court to enter an order barring Plaintiff from arguing, suggesting or attempting to infer that Defendant may be liable for the acts or omissions of anyone other than himself, arguing that Plaintiff's claim of deliberate indifference under 42 U.S.C. § 1983 must be based on evidence of personal involvement and cannot be based upon vicarious liability. Specifically, Defendant argued that this court should prohibit Plaintiff from arguing that the medical treatment provided to Plaintiff by medical professionals other than Defendant is sufficient to establish liability on the part of Defendant with respect to an allegation that Plaintiff received unconstitutional medical care.

On April 2, 2010, Plaintiff filed his Response to Defendant Ameji's First Motion in Limine (#136). Plaintiff argued that Defendant's characterization of his claim against Defendant as one of vicarious liability is a mischaracterization. Plaintiff acknowledged that the case relied upon by Defendant, Chavez v. Ill. State Police, 251 F.3d 612 (7th Cir. 2001), does state that there is no vicarious liability or respondeat superior liability in § 1983 claims. Plaintiff pointed out, however, that the Chavez case goes on to qualify the prohibition by stating that "supervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable . . . . The supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference." Chavez, 251 F.3d at 651, quoting Jones v. City of Chicago, 856 F.2d 985, 992-92 (7th Cir. 1988). Plaintiff argued that the evidence in this case will show that Defendant was called by his subordinates almost immediately after Plaintiff arrived at the Health Care Unit and relayed instructions. Plaintiff argued that, based upon the applicable case law, Defendant can be

liable for the actions of his employees who called him for instructions and implemented those instructions. Plaintiff argued that these instructions included Defendant's refusal to send Plaintiff to an off-site hospital, which resulted in Plaintiff being relegated to treatment at the Danville Correctional Center where, because Defendant was not present, Defendant's nurses and physician's assistants were left to treat or fail to treat Plaintiff. Plaintiff further argued that the other cases cited by Defendant deal exclusively with non-medical defendants who did not have responsibility for the plaintiff's health care. See Greeno v. Daley, 414 F.3d 645, 656-67 (7th Cir. 2005); Reed v. McBride, 178 F.3d 849, 851-52 (7th Cir. 1999). Plaintiff argues that the cases cited by Defendant are not applicable to this case and that Defendant's First Motion in Limine should be denied.

This court concludes that Plaintiff is correct that the cases relied upon by Defendant do not support his position. Defendant can be found liable to Plaintiff based upon the actions of employees who were implementing his instructions even though he was not physically present. This court therefore concludes that Defendant has not shown that the evidence and argument he is seeking to prohibit are not admissible for any purpose. Defendant's First Motion in Limine (#136) is DENIED.

### III. SECOND MOTION IN LIMINE

On March 17, 2010, Defendant filed his Second Motion in Limine (#125). Defendant asked this court to enter an order barring Plaintiff from referencing any of Defendant's prior lawsuits or any legal matters unrelated to the issues in this case. On April 2, 2010, Plaintiff filed a Response (#137) and stated that he has no objection to this request. Accordingly, Defendant's Second Motion in Limine (#125) is GRANTED.

### IV. THIRD MOTION IN LIMINE

On March 17, 2010, Defendant filed his Third Motion in Limine (#126) and Memorandum of Law in Support (#127). Defendant asked this court to enter an order precluding Plaintiff from

offering medical opinions concerning either his diagnosis or what the appropriate course of treatment should have been. Defendant argued that Plaintiff should not be allowed to provide his personal opinions as to how he would have liked to have been treated. Defendant argued that neither Plaintiff nor his attorneys have the proper foundation to offer opinions or to argue that any specific course of conduct which may have been valid for Plaintiff on one occasion has any relevance or bearing on the proper course of care on another date. In his Memorandum of Law, Defendant argued that Plaintiff has no evidence that he suffered a stroke on the date in question so that he should be barred from testifying that he suffered a stroke in April 2007. Defendant further argued that Plaintiff should be barred from inquiring as to the proper treatment for a person suffering from a stroke. Defendant asked that this court bar any testimony using the word "stroke" to describe Plaintiff's condition in April 2007.

On April 2, 2010, Plaintiff filed his Response to Defendant Ameji's Third Motion in Limine (#140). Plaintiff argued that the case law cited by Defendant provides no basis for the tremendous request made by Defendant in this motion in limine. Plaintiff argued that there is no dispute in this case that Plaintiff suffered stroke symptoms. Plaintiff argued that evidence regarding his stroke symptoms and the failure to provide treatment for these symptoms should be presented to the jury. This court agrees.

In <u>Grieveson v. Anderson</u>, 538 F.3d 763, 779 (7th Cir. 2008), the Seventh Circuit found that medical records detailing a plaintiff's injury and its on-going effects were sufficient to allow a jury to infer that a violation of the plaintiff's rights had occurred. See also <u>Williams v. Liefer</u>, 491 F.3d 710, 715-16 (7th Cir. 2007) (plaintiff's testimony, his medical records, and his treatment provided a sufficient basis from which a reasonable jury could conclude that the delay in treatment was unnecessarily prolonged and exacerbated the plaintiff's pain). In <u>Grieveson</u>, no expert testimony was

introduced but the court nevertheless found that "[t]he evidence [plaintiff] provided would certainly help a jury determine whether the delay 'unnecessarily prolonged and exacerbated' [plaintiff's] pain . . . , and thus qualifies as verifying medical evidence that supports a genuine issue of material fact regarding the seriousness of [plaintiff's] medical condition." Grieveson, 538 F.3d at 779, quoting Williams 491 F.3d at 715. In this case, in denying Defendant's motion for summary judgment, this court similarly concluded that a genuine issue of material fact existed based upon Plaintiff's testimony and the medical records. This court stated in its Opinion (#116):

> It is ironic, considering the nature of the allegations in this case, that Defendants would cite Plaintiff's lack of a formal diagnosis as a reason for granting summary judgment. In fact, part of Plaintiff's claim is that he was unable to receive tests such as an MRI or CT scan, for the purposes of formally diagnosing his condition and receiving appropriate treatment, because Dr. Ameji and Co-defendant refused to allow Plaintiff to be taken to a hospital. . . . The very fact that Plaintiff has been unable to receive the testing needed to obtain objective evidence of his condition is an issue worthy of jury contemplation, as it shows that Plaintiff was never sent to a hospital to receive the treatment he needed–part of the premise of this lawsuit.

This court concludes that, by asking this court to bar Plaintiff from providing any evidence to support his contention that he was denied treatment for a stroke because he was not diagnosed as suffering from a stroke, Defendant is actually asking this court to change its summary judgment ruling. This court declines to do so. Defendant's Third Motion in Limine (#126) is DENIED.

## V. FOURTH MOTION IN LIMINE

On March 17, 2010, Defendant filed a Fourth Motion in Limine (#128), and a Memorandum of Law in Support (#129). Defendant asked this court to preclude Plaintiff from arguing that the standard of care for those in a jail or prison setting is the same as it would be for those in a hospital or clinic. In his Memorandum, Defendant noted that the district court in Nadolski v. Hunnicut, 2009 WL 1659907 (N.D. Ind. 2009), stated that the "defendants are correct that the standard of medical care that must be provided to such detainees does not necessarily have to be equivalent to what a patient would receive in a standard hospital or clinical setting, so long as the care rendered was not 'blatantly inappropriate.'" Nadolski, 2009 WL 1659907, at *5, citing Edwards v. Snyder, 478 F.3d 827, 831 (7th Cir. 2007). Defendant also asked this court to bar Plaintiff from arguing that his unmet personal demands for a specific course of care are evidence supportive of a claim of deliberate indifference, noting that an inmate's demands for specific care need not be met to avoid violating the inmate's constitutional rights. See Forbes v. Edgar, 112 F.3d 262, 267 (7th Cir. 1997).

On April 2, 2010, Plaintiff filed his Response to Defendant Ameji's Fourth Motion in Limine (#138). Plaintiff argued that, while he does not dispute that the standards of care for detainees "does not necessarily have to be equivalent to what a patient would receive in a standard hospital," he does contend that there is substantial evidence indicating that he should have been sent to a hospital and, in light of such evidence, the potential treatment available at a hospital (including the presence of a physician), should be presented to the jury. Plaintiff argued that he does not plan on arguing that standards in hospitals and prisons are the same but does plan to show that he should have been sent to a hospital to see a physician according to Defendant's own standards as well as those of Defendant's employer. Plaintiff also argued that, while the case cited by Defendant does state that an inmate is not entitled to demand specific care, it also states that an inmate "is entitled to

6

reasonable measures to meet a substantial risk of serious harm to [him]." See Forbes, 112 F.3d at 267. Plaintiff argued that, in this case, he is not arguing that he was owed specific treatment but, instead, is claiming that "reasonable measures to meet a substantial risk of serious harm" were not taken. Plaintiff contended that Defendant has provided no legitimate basis for depriving Plaintiff of the ability to make that argument.

This court concludes that Plaintiff's arguments are well taken and that Plaintiff must be allowed to present evidence and argument in support of his contention that he should have been sent to a hospital based upon Defendant's own standards, and those of Defendant's employer, and in support of his contention that Defendant did not take reasonable measures to meet a substantial risk of serious harm. This court therefore concludes that Defendant's Fourth Motion in Limine (#128) is DENIED.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's First Motion in Limine (#123) is DENIED.

(2) Defendant's Second Motion in Limine (#125) is GRANTED.

(3) Defendant's Third Motion in Limine (#126) is DENIED.

(4) Defendant's Fourth Motion in Limine (#128) is DENIED.

ENTERED this 5th day of April, 2010.

s/Michael P. McCuskey
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE